**IN THE UNITED STATES DISTRICT COURT,**
**FOR THE SOUTHERN DISTRICT OF FLORIDA,**
**FORT LAUDERDALE DIVISION**

CASE NO.: ______________

SHARI L. KAVALIN, an individual; on behalf of herself and all others similarly situated,

Plaintiffs,

vs.

AFNI, INC., an Illinois Corporation,

Defendants.
_______________________________________/

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND FLORIDA CONSUMER COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, SHARI KAVALIN ("Plaintiff" or "KAVALIN"), on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of Defendant, AFNI, INC. ("Defendant" or "AFNI"), who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that the collection practices of AFNI violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, *et seq.* ("FCCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of

abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. §1692e(2)(B).

6. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Among these *per se* violations prohibited by that

section are: collecting an amount not authorized by contract or permitted by law. 15 U.S.C. § 1692f(1).

7. The FCCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt.

8. Under the FCCPA, a "debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. To prohibit deceptive, unfair, and unconscionable collection practices, the FCCPA, at Fla. Stat. § 559.72(9), prohibits debt collectors from claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

10. A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of the FCCPA may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. The court may also award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of the FCCPA. Fla. Stat. § 559.77(1),(2).

11. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, FCCPA, and all other applicable common law

or statutory regimes. The Plaintiff requests that she and the putative class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

12. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As such, this action arises out of the collection of a "debt" or "consumer debt" as those terms are defined by Fla. Stat. § 559.55(6).

## II. PARTIES

13. Plaintiff is a natural person.

14. At all times relevant to this complaint, Plaintiff resided in the City of Deerfield Beach, Broward County, Florida.

15. At all times relevant to this lawsuit, AFNI is a corporation existing pursuant to the laws of the State of Illinois.

16. AFNI maintains its principal business address at 404 Brock Drive, City of Bloomington, McLean County, Illinois.

## III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district and because AFNI is subject to personal jurisdiction in the State of Florida at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

19. Sometime prior to August 28, 2014, Plaintiff allegedly incurred a financial obligation to AT&T U-Verse ("AT&T Obligation").

20. The AT&T Obligation arose out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

21. AFNI contends that the AT&T Obligation is in default.

22. The alleged AT&T Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23. The alleged AT&T Obligation is a "debt" as defined by Fla. Stat. § 559.55(6).

24. The alleged AT&T Obligation is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

25. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

27. Plaintiff is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(8).

28. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to August 28, 2014, the creditor of the AT&T Obligation either directly or through intermediate transactions assigned, placed, or transferred, the debt to AFNI for collection.

29. AFNI collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

30. AFNI is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31. AFNI is a "debt collector" as defined by Fla. Stat. § 559.55(6).

32. AFNI is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by 15 Fla. Stat. § 559.55(3).

33. At all times relevant to this complaint the AFNI was engaged in conduct that was part of a scheme or business of collecting illegal charges from the Plaintiff and other similarly situated consumers in the State of Florida.

34. On or about August 28, 2014, AFNI mailed a collection letter concerning the AT&T Obligation, which is dated August 28, 2014, and which Plaintiff received in the ordinary course of mail. ("8/28/2014 Letter"). A true and correct copy of the 8/28/2014 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

35. The 8/28/2014 Letter was sent, or caused to be sent, by persons employed by AFNI as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36. The 8/28/2014 Letter was sent, or caused to be sent, by persons employed by AFNI as a "debt collector" as defined by Fla. Stat. § 559.55(6).

37. The 8/28/2014 Letter was sent to Plaintiff in connection with AFNI's collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

38. The 8/28/2014 Letter was sent to Plaintiff in connection with AFNI's collection of a "debt" and "consumer debt" as defined by Fla. Stat. § 559.55(6).

39. The 8/28/2014 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. The 8/28/2014 Letter is a "communication" as defined by Fla. Stat. § 559.55(2).

41. On information and belief, the 8/28/2014 Letter is a mass-produced, computer-generated, form letter that is prepared by AFNI and mailed to consumers in the State of Florida, such as Plaintiff, from whom it is attempting to collect a debt.

42. The 8/28/2014 Letter, *inter alia*, provides a box, as well as a space on the reverse side, for the Consumer to complete and provide their credit card information when making payment for their alleged debt.

43. The 8/28/2014 Letter further encourages consumers to pay online at AFNI's website, www.afnicollections.com.

44. In the very last paragraph of the 8/28/2014 Letter it states, "**[p]ayments made electronically to Afni may be subject to a $4.95 processing fee.**" (Emphasis in original).

45. Plaintiff is informed, and believes, and therefore alleges that AFNI'S collection letter is intended to falsely convey that AFNI is legally and/or contractually permitted to charge a $4.95 processing fee for any "payments made electronically" when in fact such a fee/charge is neither authorized by contract nor permitted by law.

46. AFNI's representations on the 8/28/2014 Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to consumers that if they must make a payment electronically, AFNI is legally and/or contractually allowed to charge and collect a $4.95 processing fee and that *each* individual payment will result in a $4.95 processing fee.

47. AFNI intended that its materially false statements contained in the 8/28/2014 Letter cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed and the form of payment consumers may remit to satisfy their alleged debts without incurring a fee.

48. AFNI intended that its materially false and deceptive statements contained in the 8/28/2014 Letter cause Plaintiff and other similarly situated consumers to incorrectly believe they would benefit financially by immediately sending payment for the full amount demanded in Defendants' collection letters rather than making several payments over time.

49. Plaintiff paid the alleged AT&T Obligation in-full using her credit card on AFNI's website and AFNI charged and took an additional $4.95 when processing the payment.

50. The additional $4.95 "processing fee" charged and collected by AFNI constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt or permitted by law.

51. AFNI's characterization of the additional $4.95 charge as a "processing fee" is false, deceptive, and misleading in that it is well in excess of the actual amount, if any, AFNI incurred with respect to its "processing" Plaintiff's credit card payment.

52. AFNI's characterization of the additional $4.95 charge as a "processing fee" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of the fee.

53. AFNI's characterization of the additional $4.95 charge as a "processing fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process Plaintiff's credit card transaction.

54. AFNI's characterization of the additional $4.95 charge as a "processing fee" is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the least sophisticated consumer, that Defendants are legally entitled to charge or collect the fee when, in fact, they are not legally or contractually entitled to do so.

## V. POLICIES AND PRACTICES COMPLAINED OF

55. It is AFNI's policy and practice to send written collection communications, in the form attached as ***Exhibit A***, that violate the FDCPA and FCCPA by, *inter alia*:

(a) Making false representations concerning the character, amount, or legal status of any debt;

(b) Making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; and

(c) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law.

56. On information and belief, AFNI's written communications, in the form attached as ***Exhibit A*** and as alleged in this complaint under the Facts Concerning Plaintiff, number in at least the hundreds.

## VI. CLASS ALLEGATIONS

57. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. Plaintiff seeks to certify two classes, each of which contains a sub-class.

59. With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all natural persons in the State of Florida, (b) to whom AFNI mailed a written communication in the form attached as ***Exhibit A***, (c) that was not returned as undeliverable (d) in connection with Defendants' attempt to collect a debt, (e) which written communications

included the statement that "[p]ayments made electronically to Afni may be subject to a $4.95 processing fee," (f) during a period beginning one year prior to the initial filing of this action and ending 21 days after the filing of this Complaint.

60. With respect to the First Plaintiff Class, this claim is brought on behalf of a sub-class of all persons who meet the class definition set forth, *supra*, and who paid their alleged debt(s) and were charged a "processing fee" by AFNI during a period beginning one year prior to the initial filing of this action and ending 21 days after the filing of this Complaint.

61. With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all natural persons in the State of Florida, (b) to whom AFNI mailed a written communication in the form attached as ***Exhibit A***, (c) that was not returned as undeliverable (d) in connection with Defendants' attempt to collect a debt, (e) which written communications included the statement that "[p]ayments made electronically to Afni may be subject to a $4.95 processing fee," (f) during a period beginning two years prior to the initial filing of this action and ending 21 days after the filing of this Complaint.

62. With respect to the Second Plaintiff Class, this claim is brought on behalf of a sub-class of all persons who meet the class definition set forth, *supra*, and who paid their alleged debt(s) and were charged a "processing fee" by AFNI during a period beginning two years prior to the initial filing of this action and ending 21 days after the filing of this Complaint.

63. The identities of all class members are readily ascertainable from AFNI's business records and the records of those businesses and governmental entities on whose behalf they attempt to collect debts.

64. Excluded from the Plaintiff Classes are AFNI and all of its officers, members, partners, managers, directors, and employees and their respective immediate families, and legal

counsel for all parties to this action and all members of their immediate families.

65. With respect to the First Plaintiff Class and sub-class, there are questions of law and fact common to the First Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issues are whether AFNI's written communications, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f, and 1692f(1).

66. With respect to the Second Plaintiff Class and sub-class, there are questions of law and fact common to the Second Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issues are whether AFNI's written communications, in the form attached as ***Exhibit A***, violates Fla. Stat. § 559.72(9).

67. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

68. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

69. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. With respect to the First Plaintiff Class and sub-class, the principal issues are whether AFNI's written communications, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f, and 1692f(1). With respect to the Second Plaintiff Class and sub-class, the principal issues are whether AFNI's written communications, in the form attached as ***Exhibit A***, violates Fla. Stat. § 559.72(9).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

70. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

71. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Plaintiff and the Plaintiff Classes are entitled to injunctive relief for Defendant's violations of the FCCPA and any monetary relief under the FCCPA and/or FDCPA would be merely incidental to that injunctive relief.

72. Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Classes, Class Claims, and the class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

73. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

74. AFNI violated the FDCPA. AFNI's violations with respect to its written communications, in the form attached as ***Exhibit A***, include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Making false, deceptive, and misleading representations concerning the character,

amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

(d) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f

(e) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

75. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

76. AFNI violated the FCCPA. AFNI's violations with respect to its written communications, in the form attached as ***Exhibit A***, include, but are not limited to, the following:

(a) Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist in violation of Fla. Stat. § 559.72(9).

## IX. PRAYER FOR RELIEF

77. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Classes as follows:

**A. For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class

pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing KAVALIN and the undersigned counsel to represent the First Plaintiff Class and Sub-Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for KAVALIN and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An award of actual damages for KAVALIN and the First Plaintiff Sub-Class in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

**B. For the SECOND CAUSE OF ACTION:**

(i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing KAVALIN and the undersigned counsel to represent the Second Plaintiff Class and Sub-Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for KAVALIN and the Second Plaintiff Class pursuant to Fla. Stat. § 559.77(2);

(iii) For an award of equitable relief for KAVALIN and the Second Plaintiff Class pursuant to Fla. Stat. § 559.77(2), which enjoins the AFNI from committing further violations of Fla. Stat. § 559.72(9) as complained of herein;

(iv) For a finding that AFNI's violations of Fla. Stat. § 559.72(9) were wanton, malicious or gross, and outrageous to such an extent that the measured compensation to the Plaintiff and the Second Plaintiff Class and sub-class should

have an additional amount added to it by way of punitive damages pursuant to Fla. Stat. § 559.77(2) in an amount to be determined at trial;

(v) Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2); and

(vi) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 23rd day of January 2015.

*s/ John A. Yanchunis*
John A. Yanchunis, FBN 324681
William P. Howard, FBN 103330
MORGAN & MORGAN, P.A.
COMPLEX LITIGATION GROUP
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
E-Mail: jyanchunis@forthepeople.com
E-Mail: bhoward@forthepeople.com

Daniel A. Edelman, Esq. (*Pro Hac Vice*)
Francis R. Greene, Esq. (*Pro Hac Vice*)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
E-Mail: dedelman@edcombs.com
E-Mail: fgreene@edcombs.com

Andrew T. Thomasson, Esq. (*Pro Hac Vice*)
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07320
Telephone: (201) 479-9969
Facsimile: (855) 479-9969
E-Mail: andrew@thomassonllc.com
*Attorneys for Plaintiff, Shari Kavalin, and all others similarly situated*